## KAWARK v. STATE. (6 Div. 123.)

(Court of Appeals of Alabama. June 26, 1923.)

**1. Receiving stolen goods ⬡⟹3—Knowledge that property was stolen essential element.**

To warrant a conviction for receiving stolen property, it must be shown beyond reasonable doubt that the defendant knew, at the time he bought the property,· that it was stolen.

**2. Criminal law ⬡⟹938(1)—Denial of new trial on charge of receiving stolen property held erroneous.**

Where defendant was convicted of receiving property, and, on motion for new trial on the ground of newly discovered evidence, the principal witness for the state, the self-confessed thief of the property. testified that his former testimony showing defendant's culpability was untrue, this, with other testimony adduced on the hearing, *held* to show error in the refusal of the trial court to grant a new trial.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

Louis Kawark was convicted of receiving stolen property, and appeals. Reversed and remanded.

Roger H. Bite, of Birmingham, for appellant.

Where it appears from competent and satisfactory evidence that a witness for the prosecution has deliberately perjured himself, and that without his testimony defendant would not have been convicted, a new trial should be granted. Pettine v. New Mexico, 201 Fed. 489, 119 C. C. A. 581; Myers v. State, 111 Ark. 399, 163 S. W. 1177, L. R. A. 1915C, 302, Ann. Cas. 1916A, 933; State v. Gulliver, 163 Iowa, 123, 142 N. W. 948; Mann v. State, 44 Tex. 642; Dennis v. State, 103 Ind. 142, 2 N. E. 349; State v. Moberly, 121 Mo. 604, 26 S. W. 364.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

A motion for a new trial should be denied, where the evidence which the accused proposes to introduce merely impeaches that of a witness at the former trial. Underhill on Crim. Ev. (2d Ed.) 836; Schlaff v. Railroad Co., 100 Ala. 377, 14 South. 105; Dempsey v. State, 15 Ala. App. 199, 72 South. 773.

BRICKEN, P. J. The defendant was charged by indictment in count 1 with the larceny of a ̸phonograph ·and three chairs; and count 2 charged that he did buy, receive, conceal, or aid in concealing, said property, knowing that it was stolen, and not having the intent to restore it to the owner, etc.

The three chairs named in the indictment were eliminated on motion of the solicitor,

and the trial proceeded as to the phonograph. There was no testimony offered to sustain the first count of the indictment, nor no' attempt upon the part of the state to make out a case against this defendant as to that count, and the court properly gave the affirmative charge requested in writing by defendant as to the first count of the indictment, the larceny charge.

The main trial proceeded throughout without any exception to the rulings of the court upon the testimony; the refusal of the affirmative charge for the defendant being the only question presented. Under the evidence upon which this case was submitted to the jury, this charge was properly refused.

[1, 2] It is strenuously insisted, however, that the court erred in denying the motion for a new trial. This motion shows a strict compliance with the statute (Acts 1915, p. 722), and in our opinion should have been granted. The state necessarily relied for a conviction mainly upon the testimony of Willie Sanford, the self-confessed thief 'of the phonograph, and the only incriminating facts against this defendant were testified to by him alone, and without which there could have been no conviction. On the motion for new trial this witness voluntarily testified that his testimony in this respect was untrue, and it was also shown, on the hearing of the motion, by witness Seals that the testimony of state witness Sanford tending to show the culpability of this defendant was untrue. This was newly discovered evidence, and it clearly appears that the defendant had no means of knowing, and could not have known at the time of the trial, the damaging facts testified to against him by Sanford, who said that Albert Seals was with him at the time and heard defendant make the statements which were so damaging in their effect as to be in all probability responsible for his conviction. The possession of the recently stolen phonograph by defendant was not denied by him. In fact it clearly appears that he made no effort to conceal the property, but kept it openly for the use of himself and his brother's family, and the neighbors. The insistence that the fact of the phonograph being worth considerably more than the $30 he paid for it cast the suspicion upon the defendant that he must have known or believed the property to have been stolen may be successfully answered by the undisputed fact that defendant was ignorant and uneducated, and a foreigner, who had but a very short time before come over to this country, and was practically unable to speak the English language; was also unversed in the ways and customs and habits of the people of America, his new home. All this, coupled with other facts of like import, convinces us that the court erred in overruling the motion for a new trial. The pivot-al point in this case is whether or not from the evidence it was shown beyond a reasonable doubt that the defendant knew at the time he bought the phonograph from Sanford that it was stolen property. This is one of the constituent elements of the offense charged. Jordan v. State, 17 Ala. App. 575, 87 South. 433. We are of the opinion that the newly discovered evidence shown upon the hearing of the motion might be sufficient, if believed, to raise a reasonable doubt as to defendant's knowledge that the property in question was in fact stolen property, and, this being true, we think he should have the benefit of this evidence before the jury. To that end the ruling of the court in denying the motion for a new trial is hereby reversed, and the order made by the court in this connection is set aside, and one here entered granting the motion and awarding a new trial of this case.

Reversed and remanded.